IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PIEDMONT OFFICE REALTY ) <br> TRUST, INC. f/k/a WELLS REAL ) <br> ESTATE INVESTMENT TRUST, ) <br> INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LIBERTY INSURANCE ) <br> UNDERWRITERS, INC., ) <br> ) <br> Defendant. ) | CIVIL ACTION FILE <br> No.: 1:13-cv-02130-AT <br><br> Judge Totenberg |

**DEFENDANT'S ANSWER TO COMPLAINT**

For its answer to Plaintiff Piedmont Office Realty Trust, Inc. f/k/a Wells Real Estate Investment Trust, Inc.'s Complaint (the "Complaint"), Defendant Liberty Insurance Underwriters, Inc. ("Liberty") states the following.

1. In response to the averments contained in the first sentence of paragraph 1 of the Complaint, Liberty admits that it is an insurance company, that it received premiums from Plaintiff, and that it issued an Executive Advantage REIT Policy (the "Policy") to Plaintiff but denies the truth of the remaining averments contained in that sentence stating that the Policy speaks for itself. Liberty is without knowledge or information sufficient to form a belief as to the

truth of the averments contained in the second sentence of paragraph 1 of the Complaint and, therefore, denies same. Liberty denies the truth of the remaining averments contained in paragraph 1 of the Complaint.

2. Liberty is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of the Complaint and, therefore, denies same.

3. Liberty admits the truth of the averments contained in paragraph 3 of the Complaint.

4. Liberty admits the truth of the averments contained in paragraph 4 of the Complaint.

5. Liberty denies the truth of the averments contained in the first sentence of paragraph 5 of the Complaint stating that the Policy speaks for itself. Liberty admits the truth of the averments contained in the second sentence of paragraph 5 of the Complaint.

6. In response to the averments contained in paragraph 6 of the Complaint, Liberty admits that Plaintiff paid premiums to Liberty but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in that paragraph and, therefore, denies same.

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is necessary and, therefore, Liberty denies same.

#754574v1
24665-04183

8.   Paragraph 8 of the Complaint contains legal conclusions to which no response is necessary and, therefore, Liberty denies same.

9.   Paragraph 9 of the Complaint contains legal conclusions to which no response is necessary and, therefore, Liberty denies same.

10.  In response to the averments contained in paragraph 10 of the Complaint, Liberty adopts by reference and reaffirms the admissions, denials, and other responses contained above in paragraphs 1 through 9.

11.  In response to the averments contained in paragraph 11 of the Complaint, Liberty admits that a true and correct copy of the Policy is attached to the Complaint as "Exhibit A," but denies the truth of the remaining averments contained in that paragraph stating that the Policy speaks for itself.

12.  Liberty denies the truth of the averments contained in paragraph 12 of the Complaint stating that the Policy speaks for itself.

13.  Liberty denies the truth of the averments contained in paragraph 13 of the Complaint stating that the Policy speaks for itself.

14.  Liberty denies the truth of the averments contained in paragraph 14 of the Complaint stating that the Policy speaks for itself.

15.  Liberty denies the truth of the averments contained in paragraph 15 of the Complaint stating that the Policy speaks for itself.

16. Liberty denies the truth of the averments contained in paragraph 16 of the Complaint stating that the Policy speaks for itself.

17. Liberty denies the truth of the averments contained in paragraph 17 of the Complaint stating that the Policy speaks for itself.

18. Liberty denies the truth of the averments contained in paragraph 18 of the Complaint stating that the Policy speaks for itself.

19. Liberty is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 19 of the Complaint and, therefore, denies same.

20. Liberty is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 20 of the Complaint and, therefore, denies same.

21. Liberty is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21 of the Complaint and, therefore, denies same.

22. Liberty is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22 of the Complaint and, therefore, denies same.

23. Liberty admits the truth of the averments contained in the first sentence of paragraph 23 of the Complaint. Liberty denies the truth of the

remaining averments contained in that paragraph stating that the original complaint in the lawsuit captioned *In Re: Piedmont Office Trust Inc. Securities Litigation*, No. 1:07-cv-2660-CAP (N.D. Ga.) (the "Underlying Action") speaks for itself.

24. In response to the averments contained in the first sentence of paragraph 24 of the Complaint, Liberty admits that Washtenaw County Employees' Retirement System ("Washtenaw") filed an amended complaint in the Underlying Action on May 19, 2008 but denies the truth of the remaining averments contained in that sentence stating that the First Amended Complaint speaks for itself. Liberty admits the truth of the remaining averments contained in paragraph 24 of the Complaint.

25. Liberty admits the truth of the averments contained in the first sentence of paragraph 25 of the Complaint but denies the truth of the remaining averments stating that the Second Amended Complaint speaks for itself.

26. Liberty admits the truth of the averments contained in the first sentence of paragraph 26 of the Complaint. In response to the averments contained in the second sentence of paragraph 26 of the Complaint, Liberty admits that Plaintiff appealed the Court's class certification decision to the United States District Court of Appeals for the Eleventh Circuit and admits that the Eleventh Circuit issued a decision on April 11, 2011 but denies the truth of the remaining

averments contained in that sentence stating that the Eleventh Circuit's decision speaks for itself.

    27.    Liberty admits the truth of the averments contained in paragraph 27 of the Complaint.

    28.    Liberty admits the truth of the averments contained in paragraph 28 of the Complaint.

    29.    Liberty admits the truth of the averments contained in the first sentence of paragraph 29 of the Complaint. In response to the averments contained in the second sentence of paragraph 29 of the Complaint, Liberty admits that it agreed to pay Plaintiff's defense costs in connection with the Underlying Action under a full reservation of rights but denies the remaining averments contained in that sentence and expressly denies that it acknowledged that the Underlying Action was a covered claim under the Policy.

    30.    In response to the averments contained in the first sentence of paragraph 30 of the Complaint, Liberty admits that the parties to the Underlying Action participated in a mediation in an attempt to reach a resolution of the Underlying Action on October 12, 2012 but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in that sentence and, therefore denies same. Liberty admits the truth of the averments contained in the second sentence of paragraph 30 of the Complaint. In response to

#754574v1
24665-04183

the averments contained in the third sentence of paragraph 30 of the Complaint, Liberty admits that it attended a mediation in the Underlying Action, states that everything that transpired at the mediation is covered by a mediation confidentiality privilege, but denies the truth of the remaining averments contained in that sentence and expressly denies that it acknowledged that the Underlying Action was a covered claim under the Policy and expressly denies that its settlement position was unreasonable.  In response to the averments contained in the fourth sentence of paragraph 29 of the Complaint, Liberty admits that Plaintiff kept Liberty apprised of settlement negotiations with Washtenaw in the Underlying Action and that Liberty was willing to contribute $250,000 to a potential settlement but denies the truth of the remaining averments contained in that sentence and expressly denies that its settlement position was unreasonable.

31.     Liberty is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first sentence of paragraph 31 of the Complaint and, therefore, denies same.  In response to the averments contained in the second sentence of paragraph 31 of the Complaint, Liberty admits that Plaintiff settled the Underlying Action for $2.6 million but denies the truth of the remaining averments contained in that sentence and expressly denies that Liberty's settlement position was unreasonable.

32. Liberty denies the truth of the averments contained in paragraph 32 of the Complaint.

33. In response to the averments contained in paragraph 33 of the Complaint, Liberty admits that Plaintiff sent a letter dated November 8, 2012 to it but denies the truth of the remaining averments contained in that paragraph stating that the November 8, 2012 letter speaks for itself.

34. In response to the averments contained in paragraph 34 of the Complaint, Liberty admits that it sent a letter dated November 14, 2012 to Plaintiff and admits that Liberty contributed $250,000 toward the settlement of the Underlying Action but denies the truth of the remaining averments contained in that paragraph stating that the November 14, 2012 letter speaks for itself and expressly denies that the November 14, 2012 letter failed to explain why payment of an additional $2.35 million was unreasonable and expressly denies that that the Underlying Action is a covered claim under the Policy.

35. Liberty admits the truth of the averments contained in paragraph 35 of the Complaint.

36. In response to the averments contained in paragraph 36 of the Complaint, Liberty admits that Plaintiff sent a letter dated April 19, 2013 to it but denies the truth of the remaining averments contained in that paragraph stating that the April 19, 2013 letter speaks for itself.

37. Liberty admits the truth of the averments contained in the first sentence of paragraph 37 of the Complaint. In response to the averments contained in the second sentence of paragraph 37 of the Complaint, Liberty admits that it did not pay the remaining $2.35 million of the settlement to Plaintiff but denies the truth of the remaining averments contained in that sentence and expressly denies that it had an obligation under the Policy to pay the remaining $2.35 of the settlement to Plaintiff.

38. Liberty denies the truth of the averments contained in paragraph 38 of the Complaint.

39. In response to the averments contained in paragraph 39 of the Complaint, Liberty adopts by reference and reaffirms the admissions, denials, and other responses contained above in paragraphs 1 through 38.

40. In response to the averments contained in paragraph 40 of the Complaint, Liberty admits that the Policy is an insurance policy and that it received premiums from Plaintiff but denies the truth of the remaining averments contained in that paragraph and expressly denies that the Underlying Action is a covered claim under the Policy.

41. Liberty denies the truth of the averments contained in paragraph 41 of the Complaint.

#754574v1
24665-04183

42. Liberty denies the truth of the averments contained in paragraph 42 of the Complaint.

43. Liberty denies the truth of the averments contained in paragraph 43 of the Complaint.

44. In response to the averments contained in paragraph 44 of the Complaint, Liberty adopts by reference and reaffirms the admissions, denials, and other responses contained above in paragraphs 1 through 43.

45. In response to the averments contained in the first sentence of paragraph 45 of the Complaint, Liberty admits that Plaintiff sent the November 8, 2012 and April 19, 2013 letters to it but denies the truth of the remaining averments contained in that sentence stating that the November 8, 2012 and April 19, 2013 letters speak for themselves and expressly denies that it had a legal obligation to pay the full amount of the settlement. Liberty denies the truth of the averments contained in the second sentence of paragraph 45 of the Complaint stating that the November 8, 2012 and April 19, 2013 letters speak for themselves.

46. In response to the averments contained in the first sentence of paragraph 46 of the Complaint, Liberty admits that Plaintiff contributed $2.35 million toward the settlement of the Underlying Action but denies the truth of the remaining averments contained in that sentence. Liberty denies the truth of the averments contained in the second sentence of paragraph 46 of the Complaint.

#754574v1
24665-04183

47. Liberty admits the truth of the averments contained in paragraph 47 of the Complaint.

48. Liberty denies the truth of the averments contained in paragraph 48 of the Complaint.

49. Liberty denies the truth of the averments contained in paragraph 49 of the Complaint.

50. Liberty denies the truth of the averments contained in paragraph 50 of the Complaint.

51. Liberty denies the truth of each and every averment contained in the Complaint that is not expressly admitted in this answer.

First Defense

52. Plaintiff has failed to comply with the terms, conditions, and prerequisites for coverage under the Policy.

Second Defense

53. Coverage for the Underlying Action is limited by the terms, conditions, limitations, and exclusions contained in the Policy and by applicable law.

Third Defense

54. Plaintiff's claims are barred in whole or in part insofar as the Underlying Action is excluded from coverage under Section V(C) of the Policy.

Fourth Defense

55. Plaintiff's claims are barred pursuant to Endorsement No. 11 insofar as all or part of the Underlying Action is, directly or indirectly, based on, attributable to, arises out of, results from or is in any manner related to any essential fact or circumstances underlying or alleged in the Underlying Action, which prior to the effective date of the Policy, have been the subject of notice to any insurer under any predecessor insurance policy.

Fifth Defense

56. Plaintiff's claims are barred in whole or in part to the extent any defense costs or settlement payment does not fall within the definition of "Loss" under Section IV(J) of the Policy.

Sixth Defense

57. Plaintiff's claims are bared in whole or in part insofar as the settlement of the Underlying Action included amounts paid by Plaintiff that constitute restitutionary damages or the disgorgement of ill-gotten gains.

#754574v1
24665-04183

Seventh Defense

58. Plaintiff's claims are barred in whole or in part insofar as the Underlying Action is excluded from coverage under Section V(I) of the Policy.

Eighth Defense

59. Plaintiff's claims are barred in whole or in part insofar as the Underlying Action is excluded from coverage under Section V(J) of the Policy.

Ninth Defense

60. Plaintiff's claims are barred in whole or in part by virtue of Liberty's prior payments to Plaintiff of defense costs incurred by Plaintiff in the Underlying Action.

Tenth Defense

61. Plaintiff is barred from the recovery it seeks in this action in whole or in part by the doctrines of laches, waiver, and/or unclean hands.

Eleventh Defense

62. Plaintiff is not entitled to recover attorneys' fees and costs.

Twelfth Defense

63. Count II of the Complaint is premature and must be severed from Count I contained in the Complaint.

#754574v1
24665-04183

Thirteenth Defense

64. Liberty reserves the right to assert additional affirmative defenses as they become known.

Respectfully submitted,

/s/ *Lawrence B. Domenico*
LAWRENCE B. DOMENICO
Georgia Bar No. 003260
DEBORAH SHELLES CAMERON
Georgia Bar No. 105369
Attorneys for Defendant Liberty
Insurance Underwriters, Inc.

MOZLEY, FINLAYSON & LOGGINS LLP
One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, Georgia 30342
Tel: (404) 256-0700
Fax: (404) 250-9355
ldomenico@mfllaw.com
dcamerson@mfllaw.com

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| PIEDMONT OFFICE REALTY TRUST, INC. f/k/a WELLS REAL ESTATE INVESTMENT TRUST, INC., <br><br>    Plaintiff, <br><br>v. <br><br>LIBERTY INSURANCE UNDERWRITERS, INC., <br><br>    Defendant. | CIVIL ACTION FILE <br> No.: 1:13-cv-02130-AT <br><br> Judge Totenberg |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed **DEFENDANT'S ANSWER TO COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send notification of filing to the following attorneys of records:

> Anthony P. Tatum, Esq.
> Bethany M. Rezek, Esq.
> J. Andrew Pratt, Esq.
> KING & SPALDING LLP

This 29th day of July, 2013.

                                                     /s/ Lawrence B. Domenico
                                                   Lawrence B. Domenico
                                                   Georgia Bar No. 003260

#754574v1
24665-04183